IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| THURMAN HARVEY HINES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | )   CIV-05-440-L |
| v. | ) |
| | ) |
| JOHN WHETSEL, et al.,, | ) |
| | ) |
| Defendants. | ) |

SUPPLEMENTAL REPORT AND RECOMMENDATION

Plaintiff, a state pre-trial detainee appearing *pro se* and *in forma pauperis*, brings this civil rights action pursuant to 42 U.S.C. §1983. Named as Defendants in the Complaint are Oklahoma County Sheriff John Whetsel, the Oklahoma County Detention Center, and Oklahoma City Police Detective Stephanie Alfred. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B). Although in his original Complaint Plaintiff sought a variety of relief, including his "Immediate Release" from confinement, Plaintiff has recently filed a "Motion to Amend Relief" (Doc. #8) in which he seeks to amend his request for relief to assert only a claim for damages. Plaintiff's "Motion to Amend Relief" is GRANTED.

In considering a civil complaint filed by a prisoner, the court has the responsibility to determine as soon as possible if the cause of action is frivolous, malicious, fails to state a claim upon which relief may be granted, or if the prisoner seeks monetary relief from a

1

defendant who is immune from such a claim. 28 U.S.C. §1915A(b); 28 U.S.C. §1915(e)(2)(B). Pursuant to 28 U.S.C. §1915A, the court must dismiss a cause of action seeking relief from a governmental entity or officer or employee of a governmental entity at any time the court determines one of the above is present. Pursuant to 28 U.S.C. §1915(e)(2)(B), the court must dismiss a cause of action against any defendant at any time the court determines one of the above is present.

A complaint should not be dismissed for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Hall v. Bellmon, 935 F.2d 1106, 1109 (10th Cir. 1991).[1] In reviewing the sufficiency of the complaint, the court presumes all of the plaintiff's factual allegations to be true and construes them in the light most favorable to the plaintiff. Id.  A *pro se* plaintiff's complaint must be broadly construed under this standard. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the "broad reading" of *pro se* complaints dictated by Haines "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." Hall, 935 F.2d at 1110. The court reviewing the sufficiency of a complaint "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-1174 (10th Cir. 1997).

---

[1] The "standard for dismissal for failure to state a claim is essentially the same under" both Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. §1915(e)(2)(B)(ii). Curley v. Perry, 246 F.3d 1278, 1283 (10th Cir.), cert. denied, 534 U.S. 922 (2001).

Plaintiff alleges in his handwritten Complaint and an attached unsworn affidavit that he was arrested without a warrant by Defendant Alfred and transported to the Oklahoma County Detention Center on December 13, 2004, and that a probable cause hearing was conducted before a judge who advised him that criminal charges would be filed when the prosecutor obtained enough evidence.  Plaintiff further alleges that he alerted jail officials on December 29, 2004, that no charges had been filed against him, and that on December 30, 2004, he was taken to a "subsequent probable cause hearing" where he was "told not to speak but just state your name and say yes when Judge Hall ask [sic] you something...."

In count one of the Complaint, Plaintiff alleges he was subjected to a "false arrest" but provides no supporting facts.  In count two of the Complaint, Plaintiff alleges only that a "fabrication of evidence" occurred.  In support of this claim, Plaintiff merely sets forth a diary of chronological events beginning with a "booking date" on December 13, 2004, and ending with an unidentified "medical request." Complaint, at 3.  In count three of the Complaint, Plaintiff alleges "cupable [sic] negligenc [sic] and miscarriage of justice aforethought through the deprivevation [sic] of coloboration [sic] of state officials operating [and] hiding under the color of state law." Complaint, at 4.  As supporting facts, Plaintiff alleges that the "Sherriff [sic] knew of known falsified evidence to the court to be true and correct and went along anyway with the Detective Alfred's plans of falsely imprisoning/convicting Petitioner." Complaint, at 4.

It has long been the policy of federal courts to avoid interference with pending state criminal prosecutions, except in narrow circumstances where irreparable harm is

3

demonstrated. Younger v. Harris, 401 U.S. 37 (1971). The Younger doctrine is based "on notions of comity and federalism, which require that federal courts respect state functions and the independent operation of state legal systems." Phelps v. Hamilton, 122 F.3d 885, 889 (10th Cir. 1997). Under the doctrine established in Younger, abstention is appropriate whenever there exists (1) ongoing state proceedings, (2) which implicate important state interests, (3) wherein the state court affords an adequate forum to present the applicant's federal constitutional challenge(s). Middlesex County Ethics Comm'n v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982); Taylor v. Jaquez, 126 F.3d 1294, 1296 (10th Cir. 1997), cert. denied, 523 U.S. 1005 (1998); Phelps v. Hamilton, 59 F.3d 1058, 1063-1064 (10th Cir. 1995). If these three conditions are met, Younger abstention is not discretionary absent extraordinary circumstances. Seneca-Cayuga Tribe of Oklahoma v. State of Oklahoma ex rel. Thompson, 874 F.2d 709, 711 (10th Cir. 1989).

There are ongoing state proceedings concerning the criminal charges filed against Plaintiff in Case No. CF-2004-7025.[2] Plaintiff has an adequate forum to litigate his constitutional claims concerning the validity of his arrest and detention either in a petition for a writ of prohibition to the Oklahoma Court of Criminal Appeals before his trial, or in a direct appeal should he be convicted in the upcoming jury trial scheduled for August 29, 2005. See Okla. Stat. tit. 22, §1051 (direct appeal). Moreover, Oklahoma has an important interest in enforcing its criminal laws through criminal proceedings in the state's courts.

---

[2]The undersigned takes judicial notice of the docket sheet in this criminal case which is available to the public on the world wide web at www.oscn.net.

"It is the plaintiff's 'heavy burden' to overcome the bar of Younger abstention by setting forth more than mere allegations of bad faith or harassment." Phelps, 122 F.3d at 889 (quoting Phelps, 59 F.3d at 1066). See Perez v. Ledesma, 401 U.S. 82, 85 (1971)("Only in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown is federal injunctive relief against pending state prosecutions appropriate."). Plaintiff has failed to satisfy this burden of proof. Accordingly, the Court should abstain from interfering with the pending state criminal proceeding and dismiss the cause of action without prejudice for failure to state a claim for relief under 42 U.S.C. §1983.

Moreover, Plaintiff's cause of action seeking damages should be dismissed under Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, the Supreme Court recognized that damages may not be recovered in a 42 U.S.C. §1983 action "for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless the plaintiff first proves "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. §2254." Id. at 487. Plaintiff has failed to demonstrate the prerequisite for maintaining his claims of invalid arrest and fabricated arrest warrant which relate to the validity of his pending state criminal proceedings. Accordingly, these claims are barred under Heck and should be dismissed without prejudice.

To the extent Plaintiff contends that he was unconstitutionally detained in jail for 17 days without being formally charged with a crime, Plaintiff has failed to state a claim for relief under 42 U.S.C. §1983. Plaintiff's own allegations reflect that he was arrested on December 13, 2004, and transported to the Oklahoma County Detention Center where he was detained, and that a probable cause hearing was conducted before a judge on December 15, 2004. Thus, Plaintiff was given a probable cause hearing before a judicial officer within 48 hours of his arrest and detention and he has not shown that his probable cause hearing was unreasonably delayed. Thus, he has failed to state a claim of a violation of his right under the Fourth Amendment right to a prompt probable cause hearing. See County of Riverside v. McLaughlin, 500 U.S. 44, 56 (1991)(holding that "a jurisdiction that provides prompt judicial determinations of probable cause within 48 hours of arrest will, as a general rule, comply with the promptness requirement of Gerstein [v. Pugh, 420 U.S. 103 (1975)]."). The fact that formal charges were not filed against Plaintiff until a later date does not alter this conclusion. The Fourth Amendment entitles Plaintiff and all pretrial detainees to "a fair and reliable determination of probable cause [by a judicial officer] as a condition for any significant pretrial restraint of liberty." Gerstein, 420 U.S. at 125. Plaintiff has not alleged that the probable cause determination was deficient. He alleges only that he was not provided counsel for the probable cause hearing and that he was advised during this proceeding by the presiding judge that formal charges would be filed at a later time when the prosecutor had "enough evidence...." This allegation does not indicate that the probable cause determination cannot be considered "fair and reliable."

RECOMMENDATION

Based on the foregoing findings, it is recommended that the 42 U.S.C. §1983 cause of action be dismissed without prejudice for failure to state a claim for relief. Plaintiff is advised of his right to file an objection to this Supplemental Report and Recommendation with the Clerk of this Court by      August 8th     , 2005, in accordance with 28 U.S.C. §636 and LCvR 72.1. The Plaintiff is further advised that failure to make timely objection to this Supplemental Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein. Moore v. United States of America, 950 F.2d 656(10th Cir. 1991).

This Supplemental Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED this    19th    day of    July   , 2005.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE